IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHASTA STRATEGIC INVESTMENT FUND, LLC; AND PRESIDIO GROWTH LLC (Tax Matters Partner),<br><br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. C-04-4264-RS<br><br>(Related to Case Nos. C-04-4309-RS, C-04-4398-RS, C-04-4964-RS, C-05-1123-RS, C-05-1996-RS, C-05-2835-RS, and C-05-3887-RS)<br><br>**ORDER REGARDING SUPPLEMENTAL ISSUES** |

In an order dated July 31, 2014, the Court granted judgment in favor of the government on the majority of the issues presented in its motions for summary judgment in this decade-old tax shelter case. In particular, the Court found that the BLIPS transaction at issue lacked economic substance and therefore should be disregarded for tax purposes. On that basis, the Court found the government was entitled to a judgment that the accuracy-related penalty for substantial valuation misstatements is applicable at the partnership level and that the LLC-2s constituted tax shelters as defined in the relevant regulation for purposes of any subsequent underpayment penalties. The Court concluded, however, that the government was not entitled to a finding that the negligence misstatement penalty applies as a matter of law, a decision that does not preclude the government from seeking such a penalty at any subsequent partner-level

ORDER

proceeding. The Court instructed the government to file an election by August 31, 2014, if it intended to pursue a finding of negligence in this partnership proceeding. If not, judgment would be entered in favor of the government on the remainder of the issues determined in July 31, 2014 Order and the case would be closed.

The government responded with what can only be understood as a request for partial reconsideration of the Court's prior order coupled with a request for further summary judgment proceedings on an issue not presented in the government's prior motions. At the Court's request, petitioners submitted a response objecting to the government's request on both procedural and substantive grounds.

To the extent the government's letter might be construed as a request for reconsideration, it is procedurally improper. Civil Local Rule 7-9 requires that a party seeking reconsideration must first make a motion requesting that the Judge grant the party leave to file such a motion. The government has not done so here. Nevertheless, it does appear that two minor corrections are warranted to the Court's order granting summary judgment in order to clarify the applicability of "reasonable cause" in this partnership proceeding:

Paragraph two on page seven of the Court's July 31, 2014 Order is hereby amended to read as follows: It is an absolute defense to accuracy-related penalties "with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." I.R.C. § 6664. To the extent petitioners argue the taxpayers themselves (i.e., the BLIPS investors) demonstrated reasonable cause and good-faith in reporting their losses from the BLIPS transactions, that is a partner-level defense not applicable to the instant proceeding. *See, e.g., NPR Investments, L.L.C. ex rel. Roach v. United States (NPR)*, 740 F.3d 998, 1014 (5th Cir. 2014) (district courts lack jurisdiction to adjudicate individual partners' defenses, including "reasonable cause," in a partnership proceeding). To the extent petitioners have asserted a partnership-level defense of reasonable cause on behalf of Presidio, such an argument fails for the reasons set forth below.

In addition, the first full paragraph on page nineteen of the Court's July 31, 2014 Order is hereby amended to read as follows: Petitioners' sole response to the government's request for a finding on the misstatement penalty is to refer to their arguments concerning negligence, asserting conclusorily that "[f]or similar reasons the gross valuation misstatement penalty cannot be applied as well." (Response, at p. 28.) Unlike the penalty for negligence, however, it is not necessary to resolve any factual questions of intent in order to find that the misstatement penalty applies, provisionally, at the partnership level. To the extent petitioners have asserted a partnership-level defense of reasonable cause and good faith on the part of Presidio, they have not established such a defense at this juncture for the reasons set forth below concerning the "objective substantial authority" of the BLIPS opinion letters from KPMG and Brown & Wood. See 26 C.F.R. § 1.6664-4(c)(1) (2000) ("in no event will a taxpayer be considered to have reasonably relied in good faith on advice unless the requirements of this paragraph (c)(1) are satisfied"); 26 C.F.R. § 1.6664-4(c)(1)(ii) (2000) ("The advice must not be based on unreasonable . . . legal assumptions"). If the partners have individual defenses, they may assert those defenses at the separate and subsequent partner-level proceedings. The government is therefore entitled to a finding that the substantial valuation penalty applies at the partnership level (at either 20% or 40%, as provided in the relevant FPAAs), subject to any defenses that may apply at subsequent partner-level proceedings.

The remainder of the government's letter appears to be a request to initiate a further round of summary judgment proceedings on the issue of whether an accuracy-related penalty attributable to a substantial understatement of tax is provisionally applicable at the partnership level. Seriatim motions for summary judgment are generally disfavored. The government should therefore be prepared to explain what would justify an additional motion in this matter at the further Case Management Conference to be held on September 25, 2014 at 10:00 a.m. in Courtroom 3 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. The parties shall file a Joint Case Management Statement at least one week prior to the Conference to address the scheduling of further proceedings in this case, as well as the issue

of the government's suggestion of a further motion for summary judgment. Parties or counsel may appear personally or file a request to appear by telephone. If any party files such a request, all parties shall appear telephonically at 11:00 a.m. and must contact Court Conference at 866/582-6878 at least one week prior to the Conference.

IT IS SO ORDERED.

DATED: September 11, 2014

_____
RICHARD SEEBORG
United States District Judge